1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                          **EASTERN DISTRICT OF CALIFORNIA**

10

11   W. M. BRYSON, JR.,                    )   1:13-cv-00987 AWI BAM HC
                                           )
12              Petitioner,                )
                                           )
13                                         )   FINDINGS AND RECOMMENDATION
                                           )   REGARDING PETITION FOR WRIT OF HABEAS
14         v.                              )   CORPUS
                                           )
15                                         )
                                           )
16   PAUL COPENHAVER, Warden,              )
                                           )
17              Respondent.                )

18   _____

19         Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus

20   pursuant to 28 U.S.C. § 2241.

21         On June 27, 2013, Petitioner filed the instant petition for writ of habeas corpus.  He raises

22   numerous complaints concerning the conditions of his confinement.  He claims that prison staff have

23   wrongfully taken his property, opened and seized his legal mail, refused to provide him with certain

24   forms, forced him to pass through a metal detector twice during meals, refused to reimburse him for

25   unused copy card balances, refused to allow him to observe his Jewish religion, and forced him to

26   wear a dog tag.

27         Writ of habeas corpus relief extends to a person in custody under the authority of the United

28   States.  See 28 U.S.C. § 2241. Writ of habeas corpus relief is available if a federal prisoner can show

                                            1

1  he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §

2  2241(c)(3).   However, where a Petitioner seeks to challenge the conditions of his confinement, his

3  claims are cognizable in a civil rights action rather than a habeas corpus action.  In the federal context,

4  Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), provides

5  petitioners with a remedy for violation of civil rights by federal actors. C.f., Badea v. Cox, 931 F.2d

6  573, 574 (9th Cir. 1991) (challenges to conditions of confinement by state prisoners should be

7  presented in a 42 U.S.C. § 1983 civil rights action rather than a habeas corpus petition).

8       In this case, Petitioner's complaints involve the conditions of his confinement, not the fact or

9  duration of that confinement.  Thus, Petitioner is not entitled to habeas corpus relief and this petition

10  must be dismissed.  Should Petitioner wish to pursue his claims, Petitioner must do so by way of a

11  civil rights complaint pursuant to Bivens, 403 U.S. 388 (1971) and 42 U.S.C. § 1983.

12                              **RECOMMENDATION**

13       Accordingly, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be

14  DISMISSED, and the Clerk of Court be DIRECTED to provide Petitioner with the standard form for

15  filing a civil rights action pursuant to Bivens, 403 U.S. 388 (1971) and 42 U.S.C. § 1983.

16       This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United

17  States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304

18  of the Local Rules of Practice for the United States District Court, Eastern District of California.

19       Within thirty (30) days after being served with a copy, any party may file written objections

20  with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to

21  Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and

22  filed within fourteen (14) days after service of the objections.  The Court will then review the

23  Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to

24  file objections within the specified time may waive the right to appeal the District Court's order.

25  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

26  IT IS SO ORDERED.

27  Dated:   **August 12, 2013**              */s/ Barbara A. McAuliffe*

28                                        UNITED STATES MAGISTRATE JUDGE